UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**INTERNATIONAL SHIP REPAIR &
MARINE SERVICES, INC.,** as Owner of the
Floating Dry Dock, DD-1,

    Plaintiff,

v.                                       **CASE NO. 8:08-CV-1617-T-23EAJ**

**ESTATE OF WILFREDO
MORALES-MONTALVO,**

    Defendant.
    _____/

## REPORT AND RECOMMENDATION

Before the court are **Anibal Aleman's Motion to Dismiss Plaintiff's Complaint for Exoneration From or Limitation of Liability** (Dkt. 6), **Plaintiff's Response to Anibal Aleman's Motion to Dismiss** (Dkt. 7), and **Anibal Aleman's Reply to Plaintiff's Response to Motion to Dismiss** (Dkt. 14).[1]  Plaintiff, International Ship Repair & Marine Services, Inc. ("ISR") filed a complaint seeking exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30505 et seq.(the "Limitation Act").  Anibal Aleman ("Aleman"), as Personal Representative of the Estate of Wilfredo Morales-Montalvo ("Defendant" or "Montalvo"), moved to dismiss Plaintiff's limitation complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Upon consideration, the undersigned recommends that Aleman's motion be denied.

**I.**    **Background**

On August 18, 2008, ISR filed a complaint for exoneration from or limitation of liability

---

[1] The district judge referred this matter for a report and recommendation (Dkt. 16).  See 28 U.S.C. § 636(c); Local Rules 6.01(b) and (c), M.D. Fla.

pursuant to the Limitation Act (Dkt 1). Plaintiff alleges that on or about August 9, 2006, a floating dry dock ("DD-1") was berthed in the Port of Tampa and ISR was performing repairs on the DD-1 (Dkt. 1 at ¶ 6). Montalvo was working aboard the DD-1 as part of a work crew making repairs on the vessel (Id. at ¶ 7). On or about August 9, 2008, Plaintiff contends that Montalvo collapsed aboard the DD-1 and died later that day (Id.). Plaintiff asserts that the death of Montalvo occurred without the privity and/or knowledge of ISR, ISR's officers, superintendents, or managing agents (Id. at ¶ 9).

Neither Defendant or Aleman filed an answer to Plaintiff's complaint. Instead, on September 3, 2008, Aleman filed a motion to dismiss Plaintiff's complaint (Dkt. 6). Aleman contends that: (1) the Plaintiff failed to file its complaint within six months of receiving a written notice of claim, (2) the floating dry dock in question is not a "vessel" subject to the Limitation Act, (3) the floating dry dock in question is not a "seagoing vessel" subject to the Limitation Act, and (4) Plaintiff had privity and knowledge of the negligent condition on the floating dry dock (Dkt. 6 at ).

In response, Plaintiff asserts that Aleman's motion to dismiss should be denied because ISR timely filed its limitation complaint, that DD-1 is a vessel for purposes of the Limitation Act, and that the Limitations Act applies to both seagoing and non-seagoing vessels (Dkt. 7). Further, Plaintiff argues that the issue of whether ISR had privity or knowledge of the alleged negligent conditions on the floating dry dock involves disputed facts and thus dismissal of its complaint is inappropriate (Id.).

**II.     Standard of Review**

When considering a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a court must accept the allegations in the complaint as true and construe them in a light most favorable to the

plaintiff. Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (citation omitted). To survive a motion to dismiss a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly,127 S. Ct. 1995, 1974 (2007). Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

Under Rule 12(b), whenever a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, if "materials outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). It is within the court's discretion whether to convert a motion to dismiss to one for summary judgment. Jones v. Automobile Ins. Co., 917 F.2d 1528, 1531-32 (11th Cir. 1990). However, a court converting a motion to dismiss into a summary judgment motion must give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

**III.   Discussion**

With Aleman's Rule 12(b)(6) motion, Aleman submitted letters, a citation and notice of a federal penalty against Plaintiff, the opinion of a medical examiner regarding Montalvo's death, a newspaper article reporting Montalvo's death, and other evidentiary materials outside the scope of the complaint. Likewise, in response to Aleman's motion to dismiss, Plaintiff submitted numerous exhibits, most of which were not attached to Plaintiff's limitation complaint.

After careful review of the materials submitted with the motion and response, the court excludes these extraneous evidentiary submissions from consideration and declines to exercise its

discretion to convert the motion into one for summary judgment. In the present case, Aleman filed this motion to dismiss approximately two weeks after the complaint was filed. To date, it appears the parties have conducted little or no discovery. At this juncture of the proceedings, it would be inappropriate to perform such a conversion because the parties are ill-equipped to present all evidence that would be required for a proper Rule 56 review. See e.g., Moss v. W& A Cleaners, Inc., 111 F. Supp. 2d 1181, 1185 (M.D. Ala. 2000)(declining to convert motion to dismiss to Rule 56 motion based on finding that it would be more appropriate to enter a scheduling order and allow the parties to conduct discovery); Kurdyla v. Pinkerton Sec., 197 F.R. D. 128, 131 n. 8 (D. N.J. 2000)(a conversion to a summary judgment motion would be inappropriate because opposing party did not have adequate time to discover and present material facts). Thus, because the issues raised in Aleman's motion to dismiss are more properly adjudicated in a summary judgment motion, the court recommends that Aleman's motion be denied.

In particular, the court finds that summary disposition on a motion to dismiss is inappropriate in a Limitation Act case where factual development regarding fault is required. The Eleventh Circuit held that a determination on whether a shipowner is entitled to limit his liability involves a two-step analysis. The M/V Sunshine, II v. Beavin, 808 F.2d 762, 764 (11th Cir. 1987). First, the court must determine what acts of negligence caused the accident. Id. Second, the court must ascertain whether the shipowner had knowledge or privity of those same acts of negligence. Id. Once a claimant satisfies the initial burden of proving negligence, the shipowner bears the burden of proving that the negligence was outside his knowledge or privity. Id.

Here, without setting forth specific facts in its limitation complaint, Plaintiff generally denies that it is at fault for Montalvo's death. Plaintiff simply asserts that Montalvo's death occurred

4

without the privity and/or knowledge of ISR or ISR's officers, superintendents, or managing agents. In turn, Aleman's motion to dismiss does not set forth sufficient facts upon which Plaintiff's negligence can be determined. Rather, Aleman's motion merely maintains that for the purposes of limitation of liability, a corporation is charged with privity of knowledge of its employees when they are sufficiently high on the corporate ladder (Dkt. 6 at 5). On the day of Montalvo's death, Aleman contends that ISR's manager was present on the job site and knew of the conditions that caused or contributed to Montalvo's death (Id.). Further, Aleman generally alleges that Plaintiff was guilty of a violating a federal labor statute and that Montalvo's death was caused by heat stroke and exposure to excessive heat (Dkt. 14 at 3).

Without the requisite factual basis, this court cannot determine the issue of Plaintiff's negligence. Before the court can resolve the question of Plaintiff's entitlement to exoneration or limitation of liability, factual development regarding the issue of fault is necessary. Keys Jet Ski, Inc. v. Kays, 893 F.2d 1225, 1230 (11th Cir. 1990)(summary disposition on a motion to dismiss limitation of liability complaint inappropriate because factual development of causation lacking); Rodriguez Moreira v. Lemay, 659 F. Supp. 89, 91-92 (S. D. Fla. 1987)(motion to dismiss denied because factual development on issue of fault required to resolve issue of limitation of liability). Accordingly, since the parties should be given an opportunity to present all material facts regarding Plaintiff's negligence, the court recommends denying Aleman's Motion to Dismiss.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) **Anibal Aleman's Motion to Dismiss Plaintiff's Complaint for Exoneration From or Limitation of Liability** (Dkt. 6) be **DENIED**.

Date:   December 15, 2008

_____
ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a District Judge.  See 28 U.S.C. §636(b)(1).

Copies to:
Counsel of Record
District Judge