UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**INTERNATIONAL SHIP REPAIR &**
**MARINE SERVICES, INC.,** as Owner of the
Floating Dry Dock, DD-1,

      Plaintiff,

v.                                 **CASE NO. 8:08-CV-1617-T-23EAJ**

**ESTATE OF WILFREDO**
**MORALES-MONTALVO,**

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the court are **Anibal Aleman's Motion for Sanctions** (Dkt. 11) and **Plaintiff's Response in Opposition to Anibal Aleman's Motion for Sanctions** (Dkt. 15).[1]  Anibal Aleman ("Aleman"), as Personal Representative of the Estate of Wilfredo Morales-Montalvo ("Defendant"), seeks sanctions against Plaintiff, International Ship Repair & Marine Services, Inc. ("ISR") pursuant to Fed. R. Civ. P. 11.  As ground for sanctions, Aleman asserts that Plaintiff's limitation complaint lacks merit in both fact and law.  In response, Plaintiff contends that Aleman failed to comply with the procedural requirements of Rule 11 and failed to meet the standard for imposing Rule 11 sanctions.

Pursuant to Rule 11, a motion for sanctions "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court

---

[1] The district judge referred this matter for a report and recommendation (Dkt. 16).  See 28 U.S.C. § 636(c); Local Rules 6.01(b) and (c), M.D. Fla.

sets." Fed. R. Civ. P. ( c)(2); <u>see also</u> Fed. R. Civ. P. 11 Adv. Committee Notes ("These provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position . . . .").

Rule 11(c), Fed. R. Civ. P., permits the court to levy sanctions against a party for violations of Rule 11(b), which include presenting a "pleading, written motion, or other paper" to the court for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" or advancing frivolous arguments.  When an attorney files a pleading that "has no reasonable chance of success or files a pleading in bad faith for an improper purpose, Rule 11 sanctions should be imposed."  <u>Wendy's Int'l, Inc. v. Nu-Cape Constr.</u>, 164 F.R.D. 694, 699 (M.D. Fla. 1996) (citations omitted).  The standard for testing conduct under Rule 11 is the objective standard of reasonableness under the circumstances.  <u>Aetna Ins. Co. v. Meeker</u>, 953 F.2d 1328, 1331 (11th Cir. 1992).

After considering Aleman's motion, Plaintiff's response, and Plaintiff's limitation complaint, the undersigned finds that Rule 11 sanctions are inappropriate.   First, Aleman did not comply with the safe harbor requirements of Rule 11.  On September 3, 2008, Aleman's counsel served a copy of the motion to dismiss upon Plaintiff (Dkt. 11, Ex. A).  However, Aleman failed to serve a copy of the motion for sanctions upon Plaintiff prior to filing the instant motion with this court on October 14, 2008 (Dkt. 11, Ex. A; Dkt. 15 at 2, n.11).

Second, contrary to Aleman's assertions, there is no evidence that Plaintiff's complaint is objectively frivolous, in fact or law, or that Plaintiff's counsel should have been aware that complaint was frivolous.  <u>See Jones v. International Riding Helmets</u>, 49 F.3d 692, 695(11th Cir.

1995). Without setting forth any detailed facts to support her motion, Aleman simply maintains that the "claims and contentions contained within Plaintiff's Complaint are not warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law." (Dkt. 11 at 2) Likewise, Aleman merely asserts that "the factual contentions in Plaintiff's complaint do not have evidentiary support." (Id.) In sum, Aleman failed to present any valid grounds for imposing sanctions upon Plaintiff.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     **Anibal Aleman's Motion for Sanctions** (Dkt. 11) **be DENIED.**


Date:   December 15, 2008


ELIZABETH A JENKINS
United States Magistrate Judge




**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo determination by a District Judge. See 28 U.S.C. §636(b)(1).

3

Copies to:
Counsel of Record
District Judge